IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| RAHUL DEWAN, | ) | |
| | ) | |
| Plaintiff , | ) | Case No. 08 C 350 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| UNIVERSAL GRANITE AND MARBLE, | ) | |
| INC.; DS CONSTRUCTIONS, LTD.; ANIK | ) | |
| NARULA; RAKESH MALHOTRA and SUNIL | ) | |
| SIKKA, | ) | |
| | ) | |
| Defendants . | | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Rahul Dewan ("Dewan") sued Defendants Universal Granite and Marble, Inc. ("UGM"), Chicago Granite and Marble, Inc. ("CGM"), DS Constructions, Ltd. ("DS"), Sunil Sikka ("Sikka"), Anika Narula ("Narula"), and Rakesh Malhotra ("Malhotra") (collectively "Defendants") individually and in their official capacity as "employers" claiming that they violated the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*. and 5 U.S.C. § 6381 *et seq*., by terminating him after he applied for and attempted to take FMLA leave. Dewan's Complaint also includes state law claims against Defendants seeking to recover wages, commissions, benefits, expenses and damages for Intentional Infliction of Emotional Distress ("IIED"). Defendants moved to dismiss and attached extensive exhibits to their motion. Dewan moved to strike the exhibits.

## STATEMENT OF FACTS

Defendants employed Dewan from September 2000 through October 24, 2007. At the time of his termination, Defendants employed Dewan as General Sales Manager. Dewan suffers from

1

plantar fasciitis, a serious and painful foot condition requiring medical treatment. On July 4, 2007, Dewan requested vacation time for a scheduled surgery to correct his medical condition. Dewan alleges he completed all requirements prior to taking FMLA leave and informed Defendants of his medical condition on four separate occasions, July 4, September 30, October 3, and October 23.

On September 4, 2007, Dewan applied for vacation leave for October 8-13 and October 25-29. The vacation leave was approved, but on September 30, 2007, Sikka, recently hired as the Regional Vice President, asked Dewan to resubmit his vacation requests.

On October 3, 2007, Dewan applied for FMLA leave with Defendants' Human Resources Department ("HR"). HR gave Dewan an application for his doctor to complete. On October 8, 2007, after Dewan began his vacation, Sikka sent an email to Dewan stating that his leave is only approved for October 8-9, and ordered Dewan to report to work on October 10. Less than two hours later, Sikka sent Dewan a second email with a "Final Warning" letter attached.

On the morning of October 9, 2007, Dewan's foot condition significantly worsened and he sought treatment from his doctor. At 9:28 a.m. that day, he told Defendants that he would not be able to return to work until October 16 or else he would risk permanent damage to his feet according to his doctor's orders. The next day, HR responded to Dewan in two emails and indicated that October 8-16 would be covered under FMLA but Dewan was required to submit the FMLA paperwork from his doctor.

On October 11, 2007, Malhotra, the Chief Operating Officer, sent an email to staff reassigning Dewan's sales and corresponding sales commissions because Dewan was on FMLA leave. On October 15, Dewan returned to work and provided a doctor's release note to HR. HR acknowledged receipt of the note, but claimed it was insufficient and instructed Dewan to correct

the paperwork. The next day, Dewan confirmed with HR that he would follow up with his doctor. On October 17, Dewan twice requested pay, commissions, and repayment of expenses that Defendants owed him. On October 20, Dewan arrived at work and reported to HR that he was unable to complete the FMLA application because of a heavy workload.

Dewan's foot condition forced him to be absent from work on October 22-23, 2007. At 11:18 a.m. on October 23, HR indicated that Dewan would be on FMLA leave from November 9-December 21, 2007, and calculated his paid and unpaid hours. HR provided this information to Dewan, Sikka, and Malhotra. At 12:16 p.m., HR updated Dewan's FMLA leave, affirming in an email to Dewan and Sikka that Dewan's leave from October 9-15 was covered under FMLA, but that the Certificate of Health Care Provider form was not properly completed. The email included a warning that FMLA leave would be converted to unapproved leave if the paperwork was not provided and told Dewan that all employees have only 15 days to complete the paperwork. HR further warned Dewan that he must provide the necessary documentation by October 25 or he would face discipline and/or termination for any unapproved absences.

At 1:29 p.m. that same day, Dewan responded to the HR Manager and attached the previously-provided doctor's note. Dewan stated that he needed to take off October 22 and 23 due to an emergency medical reason. At 3:09 p.m., HR responded to Dewan with an email stating that a certificate of health was needed, not just the doctor's note. The email also notified Dewan that the FMLA leave for October 25-29 was not approved and directed him to check with Sikka concerning the status of his leave. At 3:32 p.m., Sikka emailed Dewan instructing him to respond to the "Final Warning" Letter dated October 8. Sikka informed Dewan that any facts not disputed would be assumed to be true.

At 10:08 p.m., Dewan emailed his doctor's office to verify that the FMLA paperwork was completed and faxed to Defendants. Dewan asked his doctor to provide any additional necessary FMLA paperwork or forms to Defendants because he had no previous experience with applying for FMLA leave. At 10:55 p.m., Dewan notified HR and Sikka by email that upon his doctor's advice and due to his extreme pain he would be on complete bed rest from October 23 through November 9, 2007, the date of his surgery. Dewan again requested help in completing his FMLA paperwork. A few minutes later, Dewan replied to the Final Warning and disputed all statements and factual assertions included in the letter.

The next morning, on October 24, 2007, Dewan sent an email following up on his request for FMLA leave. Dewan noticed that his access to office email and other office software had been denied. At 12:08 p.m., HR informed Dewan that the FMLA paperwork was improperly completed and that additional paperwork was required for each FMLA leave. At 12:31 p.m., Dewan replied and requested that the certificate of health forms be emailed to him because he was on bed rest and could not travel to the office to pick up the forms. On October 24, 2007 at 2:17 p.m., Defendants terminated Dewan's employment.

## **MOTION TO STRIKE**

Defendants attached numerous exhibits to their Motion to Dismiss. The attached exhibits included: Dewan's employment contract with UGM, receipt of UGM's employee handbook; UGM's employee handbook; copies of Dewan's Leave Application Forms dated September 4, 2007, covering leave from October 8-13, 2007 and October 25-29, 2007; copies of Dewan's Leave Application Forms dated September 30, 2007, covering leave from October 8-9, 2007 and October 25-29, 2007; Dewan's Leave of Absence Request Form dated October 3, 2007; Final Warning Letter

dated October 8, 2007; UGM's Employer Response to Employee Request for Family or Medical Leave dated October 11, 2007; email correspondence between Dewan and UGM; and Dewan's disability certificates dated October 9, 2007 and October 15, 2007.

Federal Rule of Civil Procedure 10(c) provides that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Fed. R. Civ. P. 10(c). "Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim. Such documents may be considered by a district court in ruling on the motion to dismiss." *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994). However, "this is a narrow exception" to the general rule that when additional evidence is attached to a motion to dismiss, "the court must either convert the 12(b)(6) motion into a motion for summary judgment under Rule 56 … or exclude the documents attached to the motion to dismiss and continue under Rule 12." *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998). This exception is generally "aimed at cases interpreting, for example, a contract." *Id*.

Defendants' sizable submission covers numerous factual issues that will need to be addressed by this Court at a future date when the parties have been given an opportunity to engage in discovery. The Court declines to review them at this stage under the summary judgment standard and therefore grants the Motion to Strike. The attachments require a more thorough analysis which will be developed only through the discovery process. As such, Defendants' arguments that 1) Dewan was terminated because he violated their employment policies; 2) they did not interfere with Dewan's FMLA rights because they did not reassign his sales commissions; and 3) Dewan was given adequate notice of his FMLA rights will not be further addressed by the Court at this time

because they rely entirely on facts that Defendants seek to establish through the excluded documents.

## STANDARD OF REVIEW

At the motion to dismiss stage, this court must accept as true all facts alleged in the complaint and construe all reasonable inferences in favor of the plaintiff. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). Dewan need only provide a "short and plain statement of the claim" showing that he is entitled to relief. Fed. R. Civ. P. 8(a)(2). He need not allege all facts involved in the claim. *See Sanjuan v. Am. Bd. of Psychiatry & Neurology, In*c., 40 F.3d 247, 251 (7th Cir. 1994). However, in order to survive a motion to dismiss for failure to state a claim, his claim must be supported by facts that, if taken as true, at least plausibly suggest that he is entitled to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct., 1955, 1974 (2007). Such a set of facts must "raise a reasonable expectation that discovery will reveal evidence" of illegality. *Id*. at 1965.

## DISCUSSION

As a preliminary matter, Defendants argue that Dewan has pleaded himself out of court due to allegations in his original complaint that he did not include in his First Amended Complaint. Plaintiffs are generally provided an opportunity to amend their complaint without leave of the court at least one time. As such, this Court will not hold Plaintiff to any higher standard that would result in an arbitrary holding that would prevent him from correcting errors in his first pleading. When a party has amended a pleading, allegations and statements in earlier pleadings are not considered judicial admissions. *188 LLC v. Trinity Indus., Inc.,* 300 F.3d 730, 736 (7th Cir. 2002), *citing*

*Moriarty v. Larry G. Lewis Funeral Dirs. Ltd.*, 150 F.3d 773, 777-78 (7th Cir. 1998); *Nisbet v. Van Tuyl*, 224 F.2d 66, 71 (7th Cir. 1955) ("an amended pleading ordinarily supersedes the prior pleading. The prior pleading is in effect withdrawn as to all matters not restated in the amended pleading and becomes functus officio").

## FMLA

The FMLA allows any eligible employee suffering from a serious health condition that renders him unable to perform the functions of his position up to twelve weeks of leave during each twelve-month period. *See*, 29 U.S.C. § 2612(a)(D). It is unlawful for an employer to interfere with an employee's attempt to exercise any rights provided under the FMLA. 29 U.S.C. § 2615(a)(1). It also prohibits an employer from retaliating against an employee who exercises his rights under the FMLA. *See* 29 U.S.C. § 2615(a)(2) (prohibiting discrimination against an individual who opposes practices made unlawful by the FMLA); 29 U.S.C. § 2615(b) (prohibiting discrimination against persons who participate in or institute FMLA proceedings or inquiries). Therefore, the FMLA contemplates claims under theories of interference and retaliation. *Burnett v. LFW, Inc.*, 472 F.3d 471, 477 (7th Cir. 2006). Defendants argue that Dewan's complaint fails to allege facts that can prove either interference or retaliation.

An employee need only show that his employer deprived him of an FMLA entitlement to prevail on an FMLA interference claim. *Burnett*, 472 F.3d at 477. An employee claiming FMLA interference must establish that: (1) he was eligible for the FMLA protections, (2) his employer was covered by the FMLA, (3) he was entitled to leave under the FMLA, (4) he provided sufficient notice of his intent to take leave, and (5) his employer denied him FMLA benefits to which he was entitled. *Id.* Defendants argue that Dewan failed to allege that he provided adequate notice of his

intention to take FMLA leave and that CGA, Sikka, Narula, and Malhotra are not Dewan's "employers."

First, adequate notice is given if the employee provides the employer with enough information to put the employer on notice that FMLA-qualifying leave is needed. *See Stoops v. One Call Comm's, Inc*., 141 F.3d 309, 312 (7th Cir. 1998), *citing Price v. City of Ft. Wayne*, 117 F.3d 1022, 1025-26 (7th Cir. 1997). This is not a heavy burden; rather, "the employee's duty is merely to place the employer on notice of a probable basis for FMLA leave." *Aubuchon v. Knauf Fiberglass GmbH*, 359 F.3d 950, 953 (7th Cir. 2004). If the employer does not have sufficient information about the reason for an employee's use of paid leave, the employer should inquire further of the employee as necessary to designate the leave, and may obtain any additional required information through informal means. *Stoops*, 141 F.3d at 312. If the required notice is not given, the employer can deny leave even if the employee has a serious medical condition. *Aubuchon*, 359 F.3d at 951. However, FMLA-qualifying leave may not be counted against an employer's "no fault" attendance policy. *Stoops*, 141 F.3d at 312, *citing* 29 C.F.R. § 825.22(c).

If the need for medical leave is foreseeable at least 30 days in advance, the employee should provide that much notice in order for the employer to minimize the disruptive effect of an unscheduled leave on his business. *See* 29 U.S.C. § 2612(e)(2)(B); 29 C.F.R. § 825.302(a); *Aubuchon*, 359 F.3d at 951. There may be circumstances, however, where the thirty days notice is not practicable, such as due to lack of knowledge of when the leave will be required to begin, a change in circumstances, or a medical emergency. *Id.* In extraordinary circumstances, an employee is required to give notice no more than one or two working days after learning of the need. *See Phillips v. Quebecor World RAI Inc.*, 450 F.3d 308, 312 (7th Cir. 2006); 29 C.F.R. § 825.303(a).

Here, Dewan's First Amended Complaint includes sufficient allegations that he provided adequate notice to Defendants for FMLA leave. Dewan claims that he first notified Defendants of his need for corrective surgery on July 4, 2007. Later, on October 3, 2007, Dewan applied for FMLA leave and completed Defendants' application form. Dewan was on scheduled leave when his medical condition worsened on October 9, 2007, and as a result, he notified Defendants of his need for FMLA leave by stating that he was unable to return to work until October 16, 2007 under orders from his doctor in order to prevent the risk of permanent damage to his feet.

When Dewan missed work on October 22 and 23 because of his foot condition, he alleges that he informed Defendants that his absence was due to a medical reason. Thus, Dewan's allegation that he provided notice of a medical emergency to Defendants within two days of learning of his need for FMLA leave is sufficient to state a claim. Dewan has sufficiently pleaded facts that, if true, may entitle him to relief because he was suffering from a serious medical condition, notified his employer of his impending surgery and then notified them within two days of his emergency condition.

Defendants next argue that Defendants CGM, Sikka, Narula and Malhotra should be dismissed because Dewan has failed to plead facts rendering them liable as "employers." Under the FMLA, an employer is defined as "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year." 29 U.S.C. § 2611(4). The definition of "employer" under the FMLA also includes any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer. *Id.*

Conclusory allegations generally do not sufficiently establish that the employer is covered under the FMLA. *See*, *e.g.*, *Dormeyer v. Comerica Bank-IL., Inc.*, No. 96 C 4805, 1997 U.S. Dist. LEXIS 10260 * 7 (N.D. Ill. Jul. 11, 1997) (complaint merely alleges defendants are "employers" within the meaning of the FMLA), *citing Burke v. Nalco Chem. Co.*, No. 96 C 981, 1996 WL 411456, at *2-3 (N.D. Ill. Jul. 18, 1996). Dewan's First Amended Complaint, however, includes more than mere conclusory allegations. Dewan alleges that CGM shared interests, resources, personnel, and facilities with UGM and DS; CGM, UGM, and DS collectively employed Dewan by sharing his services, benefitting from his labors, and supervising his employment; and CGM, UGM, and DS engaged in an industry affecting commerce and employing 50 or more employees for each working day during each of 20 or more calendar weeks. Dewan has sufficiently pleaded facts that establish that Defendants are employers under the FMLA. Although this may be attacked at a later stage in the litigation, his allegations are sufficient to state a claim.

Defendants further argue that Dewan failed to properly allege facts that make Sikka, Narula, and Malhotra (collectively "Individual Employers") liable as employers under the FMLA. Although the Seventh Circuit has not addressed whether an individual can be held liable in an FMLA action, courts have looked to the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(d), to determine this issue. *See*, *e.g.*, *Wilson v. Advocate Health & Hospitals Corp.*, No. 05 C 6408, 2006 U.S. Dist. LEXIS 45283 at *7 (N.D. Ill. Jun. 21, 2006); *Freemon v. Foley*, 911 F. Supp. 326, 330 (N.D. Ill. 1995). The FLSA states that an individual employee can be considered the employer referenced in the statute only if: (1) he had supervisory authority over the plaintiff; and (2) he was at least partly responsible for the alleged violation. *Id.* at 331, *citing Riordan v. Kempiners*, 831 F.2d 690, 694 (7th Cir. 1987); *see also* 29 U.S.C. § 203(d).

Dewan has alleged that the Individual Defendants had supervisory authority over him and were at least partially responsible for the alleged violations under the FMLA. Dewan also supplied facts relating to the Individual Defendants' positions and roles throughout the time period when he was requesting FMLA leave. Therefore, Dewan has alleged facts that sufficiently demonstrate that Individual Defendants were employers under the FMLA.

Finally, under 28 U.S.C. § 1367, provided that this Court has original jurisdiction over a claim, the Court will have supplemental jurisdiction over all other claims that are related to the original jurisdiction claim. This supplemental jurisdiction is discretionary; and the Court will consider judicial economy, convenience, fairness and comity in deciding whether to exercise this supplemental jurisdiction. *See Wright*, 29 F.3d at 1251.

Dewan has alleged that this Court has jurisdiction under 28 U.S.C. § 1331 because his action is brought under the FMLA. However, Dewan's complaint does not specifically allege that the Court has supplemental jurisdiction over his state law claims. Defendants argue, without any supporting case law, that such an omission is a ground for dismissal of all of Dewan's state law claims. Dewan's complaint sufficiently alleges original jurisdiction for claims and the allegations demonstrate that the state law claims are related. Judicial economy and convenience would not be served by dismissing the state law claims. Therefore, the Court exercises supplemental jurisdiction over Dewan's state law claims.

Defendants argue that supplemental jurisdiction issues aside, Dewan has failed to state a claim for IIED. To state a viable IIED claim, Dewan must allege that: (1) Defendants' conduct was extreme and outrageous; (2) Defendants intended to cause plaintiff severe emotional distress or knew that such distress was substantially certain to result; and (3) Dewan did, indeed, suffer extreme

emotional distress.  *See Public Fin. Corp. v. Davis,* 360 N.E.2d 765, 767 (Ill.1976).  The first and last elements are satisfied only if the challenged conduct "go[es] beyond all possible bounds of decency" and the resulting distress is "so severe that no reasonable [person] could be expected to endure it."  *Id.* (internal quotation marks and citations omitted); *see, e.g., Pavilon v. Kaferly,* 561 N.E.2d 1245, 1251-52 (Ill.App.Ct. 1990) (IIED claim sufficient where defendant knew plaintiff was susceptible to emotional distress, repeatedly propositioned her and offered her money for sex, fired her when she refused his advances, threatened to kill and rape her, harassed her family and psychotherapist, threatened to challenge custody of her child, and harassed her new employer with letters, phone calls and spurious complaints to government officials).

Dewan's allegations that he suffered extreme emotional distress because he lost his job and benefits fail to rise to the level of outrageousness required to state an IIED claim.  *See*, *e.g.*, *Harriston v. Chicago Tribune Co.*, 992 F.2d 697, 703 (7th Cir. 1993) (no IIED where plaintiff was forced out of management position, promised a promotion she was never given, and had telephone calls monitored and her private vehicle vandalized); *Van Stan v. Fancy Colours & Co.*, 125 F.3d 563, 569 (7th Cir. 1997) (no IIED where bipolar plaintiff was called at home during his vacation and informed he was terminated for low productivity); *Maddie v. Siebel Sys., Inc.*, No. 04 C 3419, 2004 WL 2515827, at * 6 (N.D.Ill. November 5, 2004) (no IIED where plaintiff's transfers were blocked, he was screamed at and was unfairly terminated); *Alcazar-Anselmo v. City of Chicago*, No. 07 C 5246, 2008 U.S. Dist. LEXIS 32042 at *7 (N.D. Ill. Apr. 17, 2008) (no IIED where employee's request for leave was denied or employee was discharged for requesting leave).  Dewan alleges nothing more than a violation of the FMLA as the basis for his IIED claim.  He has failed to allege

facts that exhibit a level of outrageousness that goes beyond all possible bounds of decency. As such, Dewan's claim for IIED is dismissed with prejudice.

For the reasons stated above, Defendants' Motion to Dismiss is granted as to Dewan's IIED claim and denied as to all other claims. Dewan's Motion to Strike is granted.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: March 6, 2009